Proceeding pursuant to CPLR article 78 (partially transferred to this Court by order of the Supreme Court, entered in Albany County) to review, among other things, a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
In this CPLR article 78 proceeding, petitioner challenges a tier III disciplinary determination finding him guilty of violating a prison disciplinary rule and his related removal from a work release program. The portion of the petition challenging the disciplinary determination was transferred to this Court pursuant to CPLR 7804 (g), while the challenge to his removal from the work release program remained in Supreme Court. The Attorney General has advised this Court that petitioner has since been released to parole supervision, and the tier III determination at issue has been administratively reversed and all references thereto have been ordered to be expunged from petitioner’s institutional record. As the letter does not indicate that petitioner has been refunded the mandatory $5 surcharge (see 7 NYCRR 253.7 [b]), he should be permitted to recoup that expense (see Matter of Oppenheimer v Griffin, 123 AD3d 1214, *1451 1214 [2014]).* Inasmuch as petitioner has received, all of the relief to which he is entitled in this regard, the petition, to the extent that it concerns the expunged disciplinary determination, must be dismissed as moot (see Matter of Macedonio v Annucci, 145 AD3d 1311, 1311 [2016]; Matter of Rufus v Annucci, 145 AD3d 1294, 1294 [2016]).
Garry, J.P., Lynch, Rose, Clark and Mulvey, JJ., concur.
Adjudged that that part of the petition transferred to this Court is dismissed, as moot, without costs.

 Petitioner’s request for reimbursement for lost wages following his removal from the work release program due to the alleged violation of his rights associated with the disciplinary determination is not properly before this Court.